

# Fourth Court of Appeals
## San Antonio, Texas

December 21, 2016

No. 04-16-00787-CR

Juan Ramon **MEDRANO**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 09-12-06579-MCRAJA
Honorable Amado J. Abascal, III, Judge Presiding

## O R D E R

The Texas Court of Criminal Appeals granted appellant an out-of-time appeal. Its mandate issued August 22, 2016, stating Medrano's request for an out-of-time appeal is granted in accordance with the court's opinion. The court's opinion stated that because appellant's trial counsel failed to timely file a notice of appeal, appellant is entitled to an out-of-time appeal and "[a]ll time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues." Thus, per the opinion, all appellate deadlines are calculated from August 22, 2016.

After the court of criminal appeals' mandate issued, appellant timely filed a notice of appeal on September 18, 2016. Thereafter, we received a copy of a December 9, 2016 letter from appellant's counsel to Hoffman Reporting, requesting a reporter's record.[1] A few days later, this court received a letter from Hoffman Reporting in which it advised that one of the reporters responsible for transcribing and preparing the record passed away in February 2016. The reporter's family had attempted to gain access to the reporter's computer, but was unsuccessful. The family is sending the computer to Hoffman Reporting, which will attempt to access the computer to recover the reporter's notes for transcription. Hoffman Reporting advised it expected to receive the computer on December 19, 2016.

---

[1] The letter from appellant's counsel also states that a check for $1,100.00 was enclosed as payment for the record. However, Hoffman Reporter advises that it has not received payment for the record. At this time, the court is unaware as to whether appellant must pay for the reporter's record or is indigent, entitling him to a free record on appeal.

The reporter's record is currently due December 20, 2016.[2] However, in light of the foregoing, we **GRANT** an extension of time to file the reporter's record. We **ORDER** Hoffman Reporting to file a written status report in this court on or before **January 20, 2017**, advising the court of the status of its attempt to access the reporter's computer and a projected date, if possible, of the date it believes the record can be filed in this court. If Hoffman Reporting determines the computer cannot be accessed or if accessed, the notes cannot be transcribed, it should advise the court of this in the status report.

We **order** the clerk of this court to serve a copy of this order on the trial court, all counsel, the official court reporter, and Hoffman Reporting.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of December, 2016.

_____
Keith E. Hottle
Clerk of Court

---

[2] The official court reporter, Patricia Salinas, filed a letter in this court advising she transcribed the sentencing portion of the record, which occurred on March 19, 2016. She further advised she was contacted by appellant's counsel who told her he did not wish to obtain a copy of the sentencing portion of the reporter's record. Accordingly, the only portion of the record at issue is that taken by the deceased reporter on December 12-14, 2011.